IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER PRIMERO,

      Petitioner,

v.                                                    No. CV 09-0113 JB/GBW

JAMES JANECKA, Warden,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on consideration of Christopher Primero's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed February 5, 2009 (*Doc. 1*), and Respondent's answer, filed March 13, 2009 (*Doc. 9*). Since Petitioner filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards apply to this case. *E.g., Abdul-Kabir v. Quarterman*, 550 U.S. 233, 246 (2007); *DeLozier v. Sirmons*, 531 F.3d 1306, 1319 (10th Cir. 2008). Respondent asserts that the petition is untimely and should be dismissed with prejudice. *See Doc. 9 at 2, 6-7*. I agree and recommend the petition be dismissed as time barred.

Petitioner Primero entered into a no contest plea and disposition agreement in the Third Judicial District Court, Dona Ana County Cause No. CR-2004-1254, on

October 30, 2006.  *Doc. 1 at 16; Doc. 9 at 2*.  Petitioner was convicted of ten counts of Attempt to Commit a Felony, to wit, and Criminal Sexual Penetration in the First Degree (Child under 13), a second degree felony.  *Doc. 1 at 1; Doc 9 at 16-17*.

On February 2, 2007, Petitioner was sentenced to a total term of 54 years followed by an indeterminate period of parole of not less than five years and not in excess of twenty years.  *Doc. 9 at 11-13*.  Petitioner raises nine claims in his habeas petition having to do with grand jury errors, due process violations, ineffective assistance of counsel, and newly discovered evidence.  *See Doc. 1 at 23-39*.

AEDPA, codified in part as 28 U.S.C. § 2244(d)(1), established a one year statute of limitations for bringing habeas petitions pursuant to 28 U.S.C. § 2254.  The statute begins to run from the latest of four possible time periods.  *See* 28 U.S.C. § 2244(d)(1).  For this petition, the statute of limitations began to run the date on which the judgment became final by the conclusion of direct review or the expiration of time for direct review.  28 U.S.C. § 2244(d)(1)(A).  The one year statute of limitations is tolled during the time in which a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d)(2).

Here, the last judgment and sentence challenged by Petitioner was entered on February 2, 2007.  *Doc. 9 at 2 and 9*.  Petitioner did not seek direct review of his sentence (*Doc. 1 at 2*), and the period in which he could have sought such review ended on March

5, 2007 (thirty days after the entry of final judgment by the state court).  *See* N.M. Stat. § 39-3-3(A)(1).

Since March 5, 2007 was the last day that Petitioner could have sought direct review of his judgment, that is the date on which the judgment became final pursuant to 28 U.S.C. § 2244(d)(1)(A).  The one-year period for AEDPA is calculated using the "anniversary method" so, absent tolling, the latest date the federal petition could have been timely filed was on or before March 5, 2008[1].  However, there was no further action by Petitioner until July 10, 2008, the date he filed his state petition for habeas corpus.  *See Doc. 9 at 43-73*.  That petition was rejected (*Doc. 9 at 83*), and the New Mexico Supreme Court denied a writ of certiorari on November 20, 2008 (*Doc. 9 at 149*).  Since Petitioner did not file his state habeas petition until one hundred and twenty-five days after the AEDPA limitations period had ended, the time it was pending in state court should not be included in tolling the limitations period.  *See* Mendoza v. Howard, 194 Fed. App'x 531, 532-33 (10th Cir. 2006); *E.g., Laurson v. Leyba,* 507 F.3d 1230, 1232

---

[1]*E.g., United 3 States v. Hurst,* 322 F.3d 1256, 1861-62 (10th Cir. 2003) ("anniversary date" for filing federal petition is same date, only one year later, as the date time for filing petitioning Supreme Court for certiorari expires, regardless of leap year; May 18, 1999 and May 18, 2000); *Gunderson v. Abbott,* 172 Fed. App'x 806 (10th Cir. 2006) (January 27, 1997 and January 27, 1998); *but see Robinson v. Golder,* 443 F.3d 718, 719-20 (10th Cir. 2006) (citing *Hurst* anniversary/leap year rule but stating: "[b]ecause Mr. Robinson's conviction became final on October 4, 1999, Mr. Robinson had one year from that date, until October 5, 2000, to file a federal habeas petition."); *Pratt v. Mullin,* 175 Fed. App'x 247, 249 (10th Cir. 2006) (adding additional time to initially-calculated deadline because of leap year).

(10th Cir. 2007) ("Although the one-year period is tolled while state postconviction review is pending, *see* 28 U.S.C. § 2244(d)(2), the one-year period had long expired before Mr. Laurson filed for state postconviction relief in December 2001."); *Barrientos v. Hightower*, 34 Fed. App'x 611, 612 (10th Cir. 2002) ("A second application for state post-conviction relief, filed on July 3, 2000 did not toll the limitations period because it was filed after the AEDPA's one-year limitation period expired.").

Given that Primero's petition was filed February 5, 2009, eleven months after the expiration of the one-year statute of limitations, and there appears no basis for any tolling of that limitations period, Primero's petition is untimely and time barred.

Wherefore,

**IT IS HEREBY RECOMMENDED THAT:**

The Petition be dismissed with prejudice as time barred pursuant to 28 U.S.C. § 2244(d)(1).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE