## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER PRIMERO,

      Petitioner,

v.                                             No. CIV 09-113 JB/GBW

JAMES JANECKA, Warden, and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

      Respondents.

## ORDER ADOPTING IN PART AND AMENDING IN PART MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed on June 12, 2009 (Doc. 16). Petitioner Christopher Primero filed his Objections on June 26, 2009. See Doc. 17. Primero raises two grounds in his objections to the Magistrate Judge's Proposed Findings and Recommended Disposition that his habeas application is time-barred: (i) he is entitled to equitable tolling; and (ii) the Magistrate Judge incorrectly began counting the statute of limitations period from Primero's final judgment date, when he should have started counting from the date on which the factual predicate of his claims could have been discovered pursuant to subsection 28 U.S.C § 2244(d)(1)(D). The Court has carefully reviewed the objections *de novo,* and adopts in part and amends in part the Magistrate Judge's findings and recommended disposition. See Garcia v. City of Albuquerque, 232 F.3d 760, 766-67 (10th Cir. 2000).

## ANALYSIS

Because Primero appears in this case *pro se*, the Court construes his pleadings and

submissions liberally, holding them to a less stringent standard than is required of a party represented by counsel.  See Haines v. Kerner, 404 U.S. 519, 520-521 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court considers both of Primero's objections below.

## I.   **EQUITABLE TOLLING**.

Primero argues that, for two reasons, he is entitled to equitable tolling, which would make his otherwise time-barred petition timely.[1]  Doc. 17 at 2.  First, he asserts that he is entitled to equitable tolling because his trial counsel, Thomas Guerra, failed to file a direct appeal on his behalf. See id. at 3-7.  Next, Primero argues that he is entitled to equitable tolling because he is actually innocent.  See id. at 16-18.  The Court finds neither of these arguments availing.

### A.   **FAILURE BY COUNSEL TO FILE A DIRECT APPEAL.**

To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," which prevented him from timely filing his habeas petition.  Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)). Equitable tolling is appropriate only "in rare and exceptional circumstances," such as when a petitioner is actually innocent, when uncontrollable circumstances prevent the petitioner from timely filing, or when the petitioner actively pursued judicial remedies but filed a defective pleading during the statutory period.  Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (quotations and citations omitted).  A petitioner's burden in making this demonstration is a heavy one: a court will apply

---

[1] Primero's petition does not put forth the facts to support a claim of equitable tolling.  The Court is not required to consider issues raised for the first time in the objections to a magistrate judge's recommendation.  See Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996); Gibbs v. Massanari, 21 Fed. Appx. 813, 815 (10th Cir. 2001).  Because, however, Primero appears in this case *pro se*, the Court will review his equitable tolling argument on the merits.

equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Yang v. Archuleta, 525 F.3d at 928 (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Here, Primero alleges that his federal application is late because his trial attorney failed to appeal his case in state court.[2]  See Doc. 17 at 3-5.  An attorney's failure to perfect an appeal, when specifically asked to do so and absent disclosure to the petitioner that he did not, "might constitute the type of extraordinary circumstances warranting the application of equitable tolling." Cooper v. Bravo, 36 Fed. Appx. 343, 347 (10th Cir. 2002) (citation omitted).[3]

Primero does not assert that he ever instructed his attorney to file an appeal.  Moreover, a

---

[2] In his objections, Primero cites to the New Mexico Rules of Criminal Procedure for District Courts, Rule 5-702(B), which instructs attorneys to file either a notice of appeal or an affidavit by their client waiving appeal at the conclusion of a case.  In State v. Duran, 105 N.M. 231, 731 P.2d 374 (Ct. App. 1986), the New Mexico Court of Appeals held that, when "defense counsel fails to timely file either a notice of appeal or an affidavit of waiver of appeal," there is a conclusive presumption of ineffective assistance of counsel.  See id. at 232, 731 P.2d at 375.  In State v. Peppers, 110 N.M. 393, 796 P.2d 614 (Ct. App. 1990), however, the New Mexico Court of Appeals declined to extend that rule to situations where a defendant has pled guilty or no contest.  See id. at 398-99, 796 P.2d at 619-20.  The Court of Appeals emphasized: "We have never suggested that counsel should obtain affidavits of waiver of appeal when appeals are not pursued after a plea of guilty or no contest." Id. at 399, 796 P.2d at 620.  Though the Court of Appeals did not cite to Rule 5-702(B) specifically, its holding makes clear that, because Primero pled no contest, Mr. Guerra was not obligated to file a notice of appeal or an affidavit of waiver of appeal on Primero's behalf under New Mexico law.

[3] Before January 1, 2007, this order and judgment was not binding precedent except under the doctrines of law of the case, *res judicata*, and collateral estoppel.  The Tenth Circuit Rule 36.3(B) states: "Citation to an unpublished decision is disfavored.  But an unpublished decision may be cited to if: (i) it has persuasive value with respect to a material issue that has not been addressed in a published opinion; and (ii) it would assist the court in its disposition."  This unpublished decision meets both these criteria, and the rules therefore allow citation to this unpublished decision.  Moreover, after January 1, 2007, "[t]he citation of unpublished decisions is permitted to the full extent of the authority found in Fed. R. App. P. 32.1.  Unpublished opinions are not precedential, but may be cited for their persuasive value.  They may also be cited under the doctrines of law of the case, claim preclusion and issue preclusion." 10th Cir. R. 32.1.

review of the record demonstrates that it would not support such a claim.  Following his sentencing

hearing on January 19, 2007,  Primero did not file any pleadings for review in state court until nearly

four months later, when he filed a Motion for Free Process and Motion for Records on May 21,

2007.  R.P. 186-95.[4]  On August 7, 2007, the state court filed its Order Granting Free Process.  See

id. at 196.  The Order stated that no motions for post conviction relief were pending at that time.

See id.  Therefore, no later than August 7, 2007, Primero had notice that his trial attorney had not

filed an appeal, and yet Primero did not file any further pleadings in state court until his state habeas

petition eleven months later on July 10, 2008.   Moreover, among the many allegations in that state

habeas petition, Primero did not contend that his attorney had improperly failed to file an appeal.

See Doc. 9 at 43-73.

    Even if the failure to file an appeal in his case was an extraordinary circumstance warranting

the application of equitable tolling, Primero fails to satisfy the second requirement necessary to

obtain equitable tolling – showing due diligence.  See Stanley v. McKune, 133 Fed. Appx. 479, 480

(10th Cir. 2005) (refusing to apply equitable tolling based on an attorney's failure to file an appeal

when the petitioner did not timely seek to rectify the mistake); Loving v. Mahaffey, 27 Fed. Appx.

925, 926 (10th Cir. 2001) (holding that equitable tolling was unavailable because of the habeas

petitioner's lack of diligence, notwithstanding his placement of blame on his attorney for failure to

file a notice of appeal as requested); Yang v. Archuleta, 525 F.3d at 930 (holding that  petitioner's

"conclusory statement that he 'diligently pursued his rights and remedies' will not suffice").

Primero does not describe why he has never before pursued this argument that his attorney should

have filed an appeal in state court.  See Doc. 17; Yang v. Archuleta, 525 F.3d at 930 ("[A petitioner]

_____

    [4] This citation refers to the Record of Proceedings against Primero in New Mexico state
court.  The Magistrate Judge ordered the record on July 15, 2009.  See Doc. 18.

must allege with specificity 'the steps he took to diligently pursue his federal claims.'" (citation omitted)).  Primero did not pursue this claim in his state habeas petition and did not raise it in his federal petition.  These failures show a lack of the due diligence that the equitable tolling doctrine requires.

A court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'"  Yang v. Archuleta, 525 F.3d at 928 (quoting Brown v. Barrow, 512 F.3d at 1307).  Primero fails to satisfy either requirement.  Accordingly, the Court declines to follow his first argument for equitable tolling.

**B.     ACTUAL INNOCENCE CLAIM.**

Equitable tolling is limited to "rare and exceptional circumstances."  Gibson v. Klinger, 232 F. 3d at 808.  One of the few specified situations that meets the Gibson standard is where the petitioner is actually innocent.  See id.  To be eligible for equitable tolling under this theory, a petitioner must meet a high standard:

> To take advantage of the "actual innocence" gateway, a habeas petitioner must "present[ ] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ."  The petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."  This new evidence must be sufficient to "show that it is more likely than not that no reasonable juror would have convicted [the petitioner] in light of the new evidence."

Cummings v. Sirmons, 506 F.3d 1211, 1223 (10th Cir. 2007) (quoting Schlup v. Delo, 513 U.S. 298, 316-27 (1995)).

In this context, "new" evidence is evidence not known to the petitioner at the time he entered his plea.  O'Boyle v. Ortiz, 242 F. App'x. 529, 531 (10th Cir. 2007).  As with all equitable tolling arguments, Primero bears the burden of demonstrating that equitable tolling is appropriate.  See Diaz

v. Milyard, 314 Fed. Appx. 146, 148 (10th Cir. 2009) (citing Yang v. Archuleta, 525 F.3d at 928).

Equitable tolling based upon alleged innocence may be appropriate even where the petitioner pled

guilty and waived his right to a trial, but the burden to substantiate his claim is heavier.  See Loving

v. Mahaffey, 27 F. App'x 925, 926 (10th Cir. 2001) ("[Petitioner's] conclusory claim of actual

innocence, especially in light of his plea of guilty in open court, is insufficient to entitle him to

equitable  tolling."(citing  Lasiter v. Thomas,  89  F.3d  699,  702  (10th  Cir.  1996)  ("Solemn

declarations in open court carry a strong presumption of verity. The subsequent presentation of

conclusory allegations unsupported by specifics is subject to summary dismissal . . . .")).

    In support of his claim of actual innocence, Primero provides the Court with an excerpt from

an Investigation Report by New Mexico's State Agency Child Protective Services,[5] which contains

notes dated from February 5, 2004, to October 11, 2005, concerning meetings with Primero's step-

daughter.[6]  See R.P. 241-43.  The Investigation Report reads:  "Allegations unsubstantiated.  The

family was referred to MECA[7] and SWCC[8] for [Minor Child] to deal with issues regarding the

sexual abuse."[9]  Id. at 242 (footnotes added).

_____

    [5] The document is unverified as to its actual origin.  In his petition, Primero alleges that this
document constitutes pages from a New Mexico Child Protective Services report.  There are,
however, no authenticating identifiers on the pages.

    [6] Primero's convictions arise out of the sexual abuse of this child.

    [7] MECA appears to be the Multicultural Evaluation and Consultation Associates, LLC.  It
provides the following services: Outpatient Medical Rehabilitation Services; Early Childhood
Services; DD Waiver Services; and School-based Services.  See Information taken from
http://mecatherapies.com/index.html.

    [8] SWCC appears to be the Southwest Counseling Center, Inc., which is a community health
center in New Mexico.  See Information taken from http://www.swccnm.com/.

    [9] The submitted document contains three pages in total.  These three pages appear to be only
a portion of the entire report.  The first and second page of the report documents various contacts

This evidence falls short of convincing the Court that "it is more likely than not that **no reasonable juror** would have convicted [the petitioner] in light of" this evidence.  Cummings v. Simmons, 506 F.3d at 1233 (emphasis added).  First of all, Primero pled nolo contendere[10] to and was convicted of ten counts of Attempt to Commit a Felony, to wit: Criminal Sexual Penetration in the First Degree (Child Under 13), a second-degree felony contrary to §30-9-11(C)(1), NMSA 1978.  See R.P. 177.  The factual question whether Primero actually did or attempted to commit the acts to which he pled was ripe for disposition at a trial.  Primero waived, however, his right to have those facts heard by a jury by pleading in his case.  See Garrett v. Howard, 205 Fed. Appx. 682, 684 (10th Cir. 2006).

Second, the Investigation Report submitted by Primero does not qualify as "exculpatory scientific evidence, [a] trustworthy eyewitness account[ ], or critical physical evidence" as Schlup v. Delo requires.  513 U.S. at 865.  The report contains only a social worker's about the state of the evidence in October of 1995.  The report does not point to any "exculpatory scientific evidence," as the social worker's opinion is not based upon any physical examination or other scientific test.  The social worker is not a "trustworthy eyewitness," because the worker did not witness the relevant events, but dealt with the alleged victim only in the course of a state investigation.

Additionally, the social worker's notes do not indicate a reason to disbelieve the alleged victim, but state only that the allegations were "unsubstantiated."  Most importantly, except as

---

with Primero's step-daughter, including a conversation where she alleged that Primero had molested her.  The last page contains only two sentences about who created the last log from the second page.  See R.P. 241-43.

[10] In New Mexico, "[a] plea of nolo contendere accepted and recorded in open court is tantamount to an admission of guilt."  State v. Marquez, 105 N.M. 269, 271, 731 P.2d 965, 967 (1986).

impeachment if the social worker had been called to testify for another purpose, the opinion expressed by the social worker would not be admissible at trial because a witness may not testify regarding their opinion of a defendant's guilt or innocence.  See United States v. Espinosa, 827 F.2d 604, 612 (9th Cir. 1987).  Consequently, the Investigation Report is not new "evidence of innocence so strong that a court cannot have confidence[11] in the outcome of the [proceeding]" as required to entitle Primero to equitable tolling under an actual innocence theory.  Cummings v. Simmons, 506 F.3d at 1223 (footnote added).

Accordingly, Primero has not made a showing that he is entitled to equitable tolling either because his attorney failed to file an appeal or because he is actually innocent.

## II.   DATE WHEN LIMITATIONS PERIOD BEGAN RUNNING.

As discussed in the Magistrate Judge's Reports and Recommendations, a one-year limitations period applies to a state prisoner's federal habeas application pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  28 U.S.C. § 2244(d)(1).  The one-year limitation period runs "from the latest of" the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[11] To the contrary, the record supports a finding that, had this case gone to trial, there would have been ample evidence to support a finding of guilt.  See R.P. 170 ("[A]t the conclusion of witness interviews, as well as a videotaped interview with the alleged victim, Defense Counsel advised the Defendant that all witnesses, including the alleged victim, appeared extremely credible and would probably be deemed likewise by a reasonable person seated on a jury panel.").

Id.[12]

The Magistrate Judge determined that the limitations period, pursuant to subsection 2244(d)(1)(A), began to run on March 5, 2007, the last day Primero could have sought direct review of his sentence. See Doc. 16 at 2. Under this analysis, Primero's federal habeas petition was due by March 5, 2008, to be timely. See id. at 3. Primero argues that this determination is incorrect and instead offers two alternatives: (i) the Court correctly started the limitations period on March 5, 2007, but should have tolled his application beginning on May 21, 2007, when he filed a "motion to re-open the case;" or (ii) the Court should have begun counting the period of limitations on June 30, 2008, which, according to Primero, is the date he discovered the "factual predicate" for his claims. Doc. 17 at 7-1*8* The Court discusses the merits of these arguments below.

**A.     ARGUMENT TO BEGIN TOLLING ON MAY 21, 2007**.

Primero asserts that he filed what he calls a "motion to re-open" on May 21, 2007, and that filing this motion should have triggered statutory tolling pursuant to section 2244(d)(2). Section 2244(d)(2) holds that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 18 U.S.C. § 2244(d)(2). The record indicates that Primero filed two motions in state court on May 21, 2007 – a Motion for Free Process and a Motion for Records.[13] See R.P. 186-95. Neither a motion for free process nor a motion for records constitute an application for state post-conviction or collateral review that toll the limitations period. Even assuming, however, that the filing of these motions triggered statutory tolling, Primero's

---

[12] The statute provides two other possible triggering dates not relevant to this petition.

[13] Because the record does not contain any other pleadings filed on May 21, 2007, the Court assumes that one of these motions is the "motion to re-open" to which Primero refers.

application is still late.

Primero's conviction became final on March 5, 2007.  See Doc. 16 at 3.  If the Court tolls the time during which Primero's Motions for Free Process and Records were pending, the statute of limitations would have run for seventy-seven days from March 5, 2007, until May 21, 2007, the day he filed those motions in state court.  The limitations period then would have been tolled from May 21, 2007, until August 7, 2007, when the state court ruled on his motions.[14]  See R.P. at 196. The limitations period would have resumed running with two-hundred and eighty-eight days remaining.  If tolled in this fashion, Primero would have had until May 21, 2008, to timely file his federal habeas application.  Primero did not file any further proceedings until his state habeas application on July 10, 2008, fifty days past even this hypothetical AEDPA deadline.  Accordingly, Primero's habeas application would be time-barred even accepting his argument for statutory tolling. See, e.g., Laurson v. Leyba, 507 F.3d 1230, 1232 (10th Cir. 2007) (holding that state post-conviction relief filed after AEDPA's limitation period does not toll federal limitations pursuant to § 2244(d)(2)).

## B. ARGUMENT TO APPLY SUBSECTION 2244(D)(1)(D).

Primero's second argument is based upon subsection 2244(d)(1)(D), which states that the limitation period does not begin until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  Primero points to June 30, 2008,[15] because he allegedly discovered two factual

---

[14] That Order states that there were no motions for post-conviction relief pending before the state court at that time.  See R.P. at 196.

[15] As with his equitable tolling argument, Primero raises this "factual predicate" argument and the supporting facts for the first time in his objections.  The Court is not required to consider issues raised for the first time in the objections to a magistrate judge's recommendation.  See

predicates on that date: (i) the Investigation Report discussed <u>supra</u>[16] (R.P. 241-43); and (ii) what Primero classifies as "[a]ctual testimony by Defense counsel that he was in fact ineffective," Doc. 1, Ex. J.; Doc. 17 at 16-17.

In support of the contention that Mr. Guerra "admitted" to being ineffective, Primero has attached what appears to be clerk's minutes dated December 9, 2008[17] from replevin proceedings against Mr. Guerra.[18]   Nowhere in the minute transcript is there evidence of testimony that Mr. Guerra admitted to being ineffective.  <u>See</u> <u>id.</u>  To the contrary, the minutes imply there was a motion to dismiss that Mr. Guerra submitted, which was granted, and the state Court additionally granted summary judgment in his favor.  <u>See</u> <u>id.</u>

The later triggering date under subsection 2244(d)(1)(D) applies only to the "vital facts" of those specific claims asserted in the petition to which the recently discovered factual predicate

---

Marshall v. Chater, 75 F.3d at 1426;  <u>Gibbs v. Massanari</u>, 21 Fed. Appx. at 815.  Because Primero appears in this case *pro se*, however, the Court will review his factual predicate argument on the merits.

[16] While this evidence is not enough to justify an actual innocence claim which would support equitable tolling, the standard for considering such evidence when it is alleged as a factual predicate under subsection 2244(d)(1)(D) is different.  <u>See</u> <u>Frederick v. McNeil</u>, 300 Fed. Appx. 731, 734 (11th Cir. 2008) ("Whether or not the state prisoner's claimed newly discovered evidence is sufficient to merit federal habeas relief is not . . . the standard for determining the appropriate triggering date.  Rather, the appropriate standard is whether or not the state prisoner exercised due diligence in discovering the factual predicate for his claim.") (citation omitted).

[17] The Court notes this date is inconsistent with Primero's assertion that he discovered this document on June 30, 2008.

[18] This minute transcript does not reference a replevin proceeding.  The minutes note only that they are from a case where Primero was the plaintiff and Mr. Guerra, who was his attorney at the plea hearing, was the defendant.  <u>See</u> Doc. 1, Ex. J. ("CV2008-186 Christopher Primero v. Thomas Guerra before the Honorable William G. W. Shoobridge").  Because  Primero alleged in his Petition that he initiated a replevin proceeding against Guerra to obtain the record from his case, the Court presumes these minutes are from that replevin action.  <u>See</u> Doc. 1 at 37-38.

pertains. Purky v. Kansas, 281 Fed. Appx. 824, 827 (10th Cir. 2008) (quoting McAleese v. Brennan, 483 F.3d 206, 214 (3d Cir. 2007)). The limitations period for the claims in the petition unrelated to the recently discovered factual predicate runs as it normally would. See Purky v. Kansas, 281 Fed. Appx. at 827 (holding petitioner seeking habeas relief from a murder conviction may not assert that an affidavit by someone else admitting blame for the crime constitutes a factual predicate under subsection 2244(d)(1)(D) when his underlying claims are (i) ineffective assistance of counsel; (ii) unknowing and involuntary entry of his plea; and (iii) breach of plea agreement by the government).

The first step is to determine to which claims, if any, Primero's alleged factual predicate relates. Primero's petition raises a total of eight claims having to do with grand-jury errors, due-process violations, abuse of discretion by the court, prosecutorial misconduct, and ineffective assistance of counsel.[19] In his petition, he states that his newly discovered evidence "supports Petitioner's claims raised both in state proceedings and now in Federal [sic], and renders them meritorious as actual proof." Doc. 1 at 39. Primero also states that he obtained the evidence through replevin proceedings against Mr. Guerra and that this evidence had not been made known to him before that time. See Doc. 1 at 37-38. Primero does not give a date for these proceedings, and the only evidence in the record of such proceedings is the minute transcript discussed earlier.

At best, this evidence can be viewed only as the factual predicate for Primero's ineffective

---

[19] In addition to those claims, Primero also asserted a claim of actual innocence based on newly discovered evidence. The Supreme Court of the United States has never held that a free-standing claim of actual innocence is cognizable under habeas corpus. See Herrera v. Collins, 506 U.S. 390, 400-01 (1993). See also District Attorney's Office for Third Judicial Dist. v. Osborne, ___U.S.___, ___, 129 S.Ct. 2308, 2321-2322 (2009); House v. Bell, 547 U.S. 518, 555 (2006); In Re Davis, ___S.Ct.___, ___, 2009 WL 2486475 at *2 (Justice Scalia dissenting). Instead, such showings can be used only as a gateway to permit a petitioner to raise an otherwise barred claim. See Herrera v. Collins, 506 U.S. at 404. Accordingly, the Court will not consider this claim as an independent basis for Primero's habeas petition. And the Court has already analyzed his actual innocence claim in the context of equitable tolling.

assistance of counsel claim.  The Investigation Report and minute transcript could possibly relate to Primero's assertion that his counsel did not interview any witnesses or develop any defense strategy in preparation for trial.  As Primero has alleged his claims, however, neither the Investigation Report nor the minute transcript contain any facts that pertain to his claims of grand-jury errors, due-process violations, abuse of discretion by the court, or prosecutorial misconduct. Accordingly, the Magistrate Judge was correct to begin counting the statute of limitations for those claims pursuant to subsection 2244(d)(1)(A), and they are time-barred.  See Doc. 16 at 3.

When considering whether to apply subsection 2244(d)(1)(D) to Primero's ineffective assistance of counsel claim, the Court is concerned whether Primero has met his due-diligence burden under that subsection.  Under subsection 2244(d)(1)(D), "[t]he burden to demonstrate due diligence that would toll the statute of limitations is on the Appellant."  See Andrews v. State of Kansas, 191 Fed. Appx. 714, 715 (10th Cir. 2006).  Primero does not explain why June 30, 2008, was the first date he could have obtained access to the documents in question.  Additionally, he says nothing about efforts he undertook to get these documents before that date, or how he has satisfied the due diligence burden upon him.  It therefore appears that Primero has failed to satisfy his burden to establish his due diligence and warrant equitable tolling.  Therefore, the Court finds that his petition for a writ of habeas is time-barred.[20]  The Court will nevertheless address Primero's ineffective assistance claim and find that it fails on the merits as well as for failure to satisfy the one-year statute of limitations.

---

[20] The Court notes that finding that Primero's ineffective assistance claim is time-barred under 28 U.S.C. § 2244(d)(1) does not rob the Court of jurisdiction, so its alternative holding that Primero's claim fails on the merits is not void.  See Miller v. Marr, 171 F.3d 976, 978 (10th Cir. 1998).

**III.**     <u>**INEFFECTIVE ASSISTANCE OF COUNSEL.**</u>

To prevail upon a claim of ineffective assistance of counsel, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984); <u>Sandoval v. Ulibarri</u>, 548 F.3d 902, 909 (10th Cir. 2008). A petitioner must also demonstrate that prejudiced his counsel's ineffectiveness prejudiced him, meaning that he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. at 694. This two-part standard requires that counsel's performance be evaluated from the attorney's perspective at the time of the assistance, considered in light of all the circumstances prevailing at that time, and the Court must indulge a strong presumption that counsel's conduct fell within the "wide range of reasonable professional assistance." <u>Id.</u> at 689. <u>See also</u> <u>Boyd v. Ward</u>, 179 F.3d 904, 914 (10th Cir. 1999)("To prove deficient performance, [the petitioner] must overcome the presumption that counsel's conduct was constitutionally effective . . . . For counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong.").

A defendant who pleads guilty upon the advice of counsel may attack the voluntary and intelligent character of the guilty plea only by showing that the advice he received from counsel was not "within the range of competence demanded of attorneys in criminal cases," and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 56-57 (1985) (quotation omitted). Additionally, the Tenth Circuit has found that a guilty plea can be voluntary despite trial counsel's vigorous urging that his client plead guilty because the attorney believed it was in his client's best interest. <u>See</u> <u>Miles v. Dorsey</u>, 61 F.3d 1459, 1470 (10th Cir. 1995). "Indeed, one central component

of a lawyer's job is to assimilate and synthesize information from numerous sources and then advise clients about what is perceived to be in their best interests." Fields v. Gibson, 277 F.3d 1203, 1214 (10th Cir. 2002).  A state-court guilty plea is constitutional "if the circumstances demonstrate that the defendant understood the nature and the consequences of the charges against him and that the defendant voluntarily chose to plead guilty." Miles v. Dorsey, 61 F.3d at 1466 (citing Boykin v. Alabama, 395 U.S. 238, 242-44 (1969)).

Primero alleges that his counsel was ineffective for (i) failing to investigate his case, failing to develop a defense strategy, failing to interview potential witnesses and obtain expert witnesses; and (ii) misleading and coercing him into entering a guilty plea.  See Doc. 1 at 29-32.  The Court considers each claim in turn.

## A.   FAILURE TO INVESTIGATE, DEVELOP A DEFENSE STRATEGY, OR INTERVIEW WITNESSES:

In alleging ineffectiveness in his legal representation, Primero asserts:

> At the ending [sic] of the criminal proceedings it became evident that none of the counsels [sic] had investigated the case for any potentially viable defense(s), they failed to develop any type of defense strategy and failed to interview any witnesses, including expert witnesses which would have changed the entire outcome of the proceeds [sic], as by developing a defense strategy and by calling witnesses it would have enabled Petitioner to properly defend himself and have witness testimony that the offense's [sic] did not occur and expert testimony substantiating such, because of all counsel's cumulative error's [sic], Petitioner's constitutional rights were violated by the denial of effective assistance of counsel.

Doc. 1 at 30-31.  Primero does not include any facts to support these conclusory allegations and review of the record does not support a finding that any of Mr. Primero's attorneys were ineffective for the reasons alleged by Primero.

Paul Johnson was the first attorney appointed by the Public Defender's Office to represent Primero.  See R.P. at 13.  His representation lasted from October 12, 2004, until September 1, 2005.

See id. at 13, 69.  The record contains several dates that Mr. Johnson filed, including a Motion to

Quash Indictment, see R.P. at 26, an Amended List of Witnesses, see R.P. at 45, a Motion to

Determine Competency of Child Witness, see R.P. at 54, and a Motion in Limine, see R.P. at 56.[21]

Aaron Dinwiddie next represents Primero under contract with the Public Defender's Office.

Mr. Dinwiddie entered his appearance on Primero's behalf on September 1, 2005.  See R.P. at 69.

Mr. Dinwiddie's representation lasted until June 27, 2006.  See R.P. at 116.  Mr. Dinwiddie also

filed several documents on Primero's behalf throughout his representation, including a Motion for

Production, see R.P. at 74 a Notice of Discovery Demand, see R.P. at 76, a Motion to Amend Grand

Jury Indictment, see R.P. at 80, a List of Defendant's Witnesses, see R.P. at 91, and a Motion to

Disqualify the Third Judicial District Attorney's Office, see R.P. at 94.

Mr. Dinwiddie filed a Motion to Withdraw as Counsel on June 22, 2006, because he was in

the process of relocating to Colorado.  See R.P. at 113.  The state court granted that motion, and Mr.

Guerra was appointed to represent Primero.  Mr. Guerra served as Primero's attorney from August

3, 2006, until his sentencing hearing on January 19, 2007.  See R.P. at 120, 177.  During the course

of his representation, Mr. Guerra filed a Motion to Conduct in Camera Interview, see R.P. at 131,[22]

an Amended Motion to Produce (Discovery), see R.P. at 134, and a Motion to Dismiss Charges, see

R.P. at 136.  The record also contains correspondence from Mr. Guerra to the prosecutor aimed at

coordinating witness interviews to be conducted by Guerra.  See R.P. at 139-40, Exhibits A & B.

---

[21] This Motion was filed to request a hearing before the voir dire examination of the jury so that the prosecution would not bring up Primero's prior convictions at trial or in front of the jury before the court weighed the prejudicial effect it might have.  See R.P. at 56.

[22] The state court had previously denied the Motion to Determine Competency of Child Witness, but the Order stated the court would meet with the victim, in camera, to determine the victim's ability to know truth from lies.  See R.P. at 117.  Mr. Guerra filed this Motion to remind the court that no such interview had taken place.  See R.P. at 131.

Each attorney that represented Primero filed motions on his behalf, discussed interviewing witnesses, and participated in discovery, and Mr. Guerra even attempted to have the charges against him dismissed.  In the face of this record of counsel's actions on his behalf, Primero makes only the conclusory allegations that his counsel failed to investigate, develop a defense theory, or failed to interview witnesses.  Primero does not point to any fact that his attorney would have discovered with a sufficient investigation that would have impacted his decision to plead no contest.[23]  Primero does not describe the "defense theory" which would have changed his mind about pleading no contest. Primero does not identify the witness interview that would have led to his decision to proceed to trial.  The conclusory allegations presented by Primero are insufficient to meet the prejudice prong of Strickland v. Washington.  See Snyder v. Addison, 89 Fed. Appx. 675, 681 (10th Cir. 2004) (holding that petitioner's allegations which can be "summarized as a failure to develop a defense theory" were "insufficient to meet the prejudice prong of Strickland v. Washington."); United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting a *pro se* petitioner's allegations of ineffective assistance because they were conclusory and lacking in supporting factual averments).

Consequently, the Court does not agree with Primero's argument for ineffective assistance of counsel.

**B.     COUNSEL MISLED AND COERCED PETITIONER INTO ENTERING A GUILTY PLEA:**

In alleging ineffectiveness during the entry of his plea, Primero asserts:

During the plea process, at entry of the plea agreement, because of the erroneous

---

[23]   Primero may contend that the social worker's opinion that the allegations were unsubstantiated would constitute such a fact.  The Court has already, however,  explained that the lay opinion, which was made a year before Primero's plea, would not have been admissible at Primero's trial had he not pled no contest.  See supra at 9-10.  It is difficult to argue that something inadmissible would have made the difference between pleading no contest and proceeding to trial.

advise by defense counsel in which counsel mislead, and under threat, duress and intimidation and without full knowledge and understanding of the plea, Petitioner wrongfully entered the plea and disposition agreement.  On the same date after entering into the plea Petitioner believed that the plea was not in his best interest, he thus immediately filed a motion to withdraw the plea, simultaneously defense counsel, conceding that there is [sic] a breakdown of attorney-client relationship and because of such there was no reasonable discussion in the plea acceptance process, counsel was ineffective in failing to inform Petitioner of the actual terms and conditions of the plea, including sentencing, and by such it deprived the plea of any voluntary character act [sic], violating Petitioner's due process rights.

Doc. 1 at 31-32.  As stated above, to prove that counsel's ineffectiveness rendered a plea involuntary, a habeas petitioner must show (i) that his counsel's performance in connection with the plea was deficient, and (ii) that this deficient performance affected the outcome of the plea process.  Hill v. Lockhart, 474 U.S. at 56-59 (holding that the two-part test from Strickland v. Washington applies to challenges to guilty pleas based upon ineffective assistance of counsel).  Primero does not include any facts to support his conclusory allegations, and a review of the record does not support a finding that Mr. Guerra was ineffective in connection with the plea.

After the entry of Primero's plea, Mr. Guerra filed a Motion to Withdraw as Counsel.  See R.P. 169.  In this Motion, Mr. Guerra details events and meetings with Primero leading up to the entry of the plea.  Specifically, he states that "Defense Counsel met and conferred with the Defendant at great length during the weekend of October 28-29, 2006," after which time, "the Defendant advised he would accept the Plea Bargain."  Id. at 170.  He goes on to say that he discussed the terms of the plea bargain with Primero, including "[t]hat said plea bargain would expose the Defendant to a maximum sentence of no more than ninety (90) years, as opposed to the two hundred (200) plus years he would face if convicted at trial of all charges in the Grand Jury Indicment."  Id.  Primero was sentenced to a total term of 54 years followed by an indeterminate period of parole of not less than five years and not in excess of twenty years.  See Doc. 9 at 11-13.

This sentence is within the terms of the plea bargain that Mr. Guerra discussed with Primero.  Mr. Guerra also states in his motion to withdraw that "at the conclusion of witness interviews, as well as a videotaped interview with the alleged victim, Defense Counsel advised the Defendant that all witnesses, including the alleged victim, appeared extremely credible and would probably be deemed likewise by a reasonable person seated on a jury panel."  R.P. at 170.

In the face of this record indicating that a recommendation to accept the plea offer would be reasonable,  Primero makes only the conclusory allegations that he received "erroneous advise" from his defense counsel and that his counsel misled, threatened, and intimidated him into accepting the plea agreement.  Primero does not present an example of counsel's allegedly erroneous advice.  Primero does not identify how his counsel mislead him.  And Primero does not describe the "threats" made by his counsel that forced him to plead guilty.[24]

Primero has not alleged any facts that can "overcome the presumption that counsel's conduct was constitutionally effective."  Boyd v. Ward, 179 F.3d at 914.  See United States v. Fisher, 38 F.3d at 1147 (rejecting a *pro se* petitioner's allegations of ineffective assistance because they were conclusory and lacking in supporting factual averments).  Instead, the facts support a showing that Mr. Guerra guided Primero "within the range of competence demanded of attorneys in criminal cases."  Hill v. Lockhart, 474 U.S. at 56.  The Court declines to adopt Primero's argument that his counsel was ineffective in connection with his plea.

Having  rejected  both  of  Primero's  arguments  that  his  counsel  was  constitutionally

---

[24] In Primero's state habeas application, he alleges that his counsel threatened him by telling him that, "if he did not take the plea offer, the next time he would see his mother would be at her funeral."  R.P. at 221.  This fact does not support a finding of deficient performance, because an attorney is allowed to vigorously urge his client to plead guilty if the attorney believes it is in his client's best interest.  Miles v. Dorsey, 61 F.3d at 1470.

ineffective, the claim of ineffective assistance of counsel is denied on the merits.

Primero's claims pertaining to grand-jury errors, due-process violations, abuse of discretion by the court, ineffective assistance of counsel and prosecutorial misconduct are time-barred by subsection 2244(d)(1)(A).  Those claims are not eligible for equitable tolling, and no statutory tolling provision will bring them within the AEDPA time limits.  The Court further finds that Primero's claim for ineffective assistance fails on the merits.  Therefore, the Court will dismiss his petition with prejudice.

**IT IS ORDERED AS FOLLOWS:**  (i) the Magistrate Judge's Report and Recommendations is adopted in part and amended to the extent that it conflicts with the findings of this Order; (ii) Primero's claims pertaining to grand-jury errors, due-process violations, abuse of discretion by the court, ineffective assistance of counsel, and prosecutorial misconduct are dismissed as time-barred pursuant to subsection 2244(d)(1)(A); (iii) Primero's claim of ineffective assistance of counsel is denied on the merits; and (iv) Primero's section 2254 application for habeas relief is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel*:

Christopher Primero
No. 65794
Lea County Correctional Facility
Hobbs, New Mexico

     *Plaintiff pro se*

Gary K. King
  Attorney General for the State of New Mexico
Margaret E. McLean
  Assistant Attorney General
Office of the Attorney General
Santa Fe, New Mexico

    *Attorneys for the Defendant*