**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CHRISTOPHER PRIMERO,

    Petitioner,

v.                                                                        No. CIV 09-0113 JB/GBW

JAMES JANECKA, Warden,

    Respondent.

**ORDER DENYING POST-JUDGMENT MOTION**

**THIS MATTER** comes before the Court on Petitioner Primero's Motion for Reconsideration, filed October 14, 2009 (Doc. 23). Petitioner Christopher Primero, pursuant to rule 52(b) of the Federal Rules of Civil Procedure, requests the Court to reconsider its Order Adopting in Part and Amending in Part Magistrate Judge's Proposed Findings and Recommended Disposition, filed September 30, 2009 (Doc 20)("Order"). The Court will deny Primero's motion under Rule 52(b).

"The Federal Rules of Civil Procedure do not expressly recognize a motion for reconsideration." Trujillo v. Bd. of Educ. of Albuquerque Pub. Sch., 229 F.R.D. 232, 234 (D.N.M. 2005) (citing Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002)). "If the court has entered a final order or judgment, then a motion for reconsideration is considered a motion to alter or amend the judgment under rule 59(e) if it is filed within ten days after the entry of judgment." Trujillo v. Bd. of Educ. of Albuquerque Pub. Sch., 229 F.R.D. at 234. See Venable v. Haislip, 721 F.2d 297, 299 (10th Cir. 1983)("Regardless of how it is styled, a post-judgment motion filed within ten days of entry of judgment that questions the correctness of a judgment is properly construed as a Rule 59(e) motion"). "If the motion for

reconsideration is filed more than ten days after the entry of final judgment, it is considered a motion for relief from judgment under rule 60(b)."  Trujillo v. Bd. of Educ. of Albuquerque Pub. Sch., 229 F.R.D. at 234.

A final order was entered on September 30, 2009.  See Doc. 21.  Primero filed his "Motion for Reconsideration" on October 14, 2009, fourteen days later.  Doc. 23.  This period is greater than ten days.  When the period of time to be counted is less than eleven days, however, such as the ten-day time limit for filing a post-judgment motion alter or amend, one "[e]xclude[s] intermediate Saturdays, Sundays, and legal holidays."  Fed. R. Civ. P. 6(a)(2).[1]  Ignoring the two intermediate weekends, Primero filed his motion ten days after the entry of judgment, and thus Primero's motion is properly considered a motion to alter or amend the judgment under rule 59(e).

A rule 59(e) motion should be granted "only to correct manifest errors of law or to present newly discovered evidence." Loughridge v. Chiles Power Supply Co., 431 F.3d 1268, 1274-75 (10th Cir. 2005) (quoting Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997)).  Primero does not appear to argue that there has been a manifest error of law, nor does he appear to present newly discovered evidence.  To the extent that he makes an argument to either effect, the Court finds such arguments lack merit.  Primero largely revisits issues that the Court has already addressed, and raises no new material facts pertaining to his original pleadings.  It is inappropriate for the Court to consider these arguments post judgment.  See, e.g., Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) ("[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. . . .  It is not appropriate to

---

[1] On December 1, 2009 this rule will be changed so that deadlines are calculated considering all intermediate Saturdays, Sundays and legal holidays.  At the time of this Order -- and, more importantly, at the time that Primero filed his motion -- the old rule is still in effect.

revisit issues already addressed or advance arguments that could have been raised in prior briefing."). On the other hand, he also now asserts that he asked his attorney to file a post-judgment motion as early as six days after his conviction and the attorney failed to do so, but he did not raise this fact in his petition and can provide no evidence to support it. See Motion at 6. This is not a manifest error of law, nor does Primero assert newly discovered evidence. On the contrary, he asserts an alleged fact that he should have known since he filed his petition, and states that he has no evidence to support it.[2]  The Court has already adequately addressed his equitable tolling argument in its Order Adopting in Part and Amending in Part Magistrate Judge's Proposed Findings and Recommended Disposition. See Order, at 2.  Upon review of the Magistrate Judge's Proposed Findings and Recommended Disposition and the Court's Order Adopting in Part and Amending in Part those findings, the Court finds no error or other reason to alter or amend the judgment under rule 59(e).

**IT IS ORDERED** that Primero's Motion for Reconsideration (Doc. 23) is denied.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Primero contends that he lacks evidence of this conversation because he did not "have the time or resources to obtain the transcript of that phone call." Motion at 9. The Court is concerned that Primero only now asserts this fact which, if true, would appear important to his equitable-tolling argument. Primero did not raise this fact in his Petition (Doc. 1) or his Response (Doc. 9). See Order at 2 ("Primero does not assert that he ever instructed his attorney to file an appeal. Moreover, a review of the record demonstrates that it would not support such a claim."). With no evidence to support it, the Court will not take at face value an inmate's bald assertion that his counsel failed to comply with a direct request by his client.

*Parties and counsel*:

Christopher Primero
No. 65794
Lea County Correctional Facility
Hobbs, New Mexico

    *Plaintiff pro se*

Gary K. King
  Attorney General for the State of New Mexico
Margaret E. McLean
  Assistant Attorney General
Office of the Attorney General
Santa Fe, New Mexico

    *Attorneys for the Defendant*